# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                                                                                   Superior Court

Civil Action No.:                      **13   139**

KATIE GRAF,
Plaintiff,

v.

HOSPITALITY MUTUAL INSURANCE COMPANY,
Defendant.

**COMPLAINT FOR MONETARY RELIEF,**

*A. Parties.*

1.     The plaintiff, Katie Graf (hereinafter referred to as "Graf"), is a natural person who at all times material resided in Westfield, Hampden County, Massachusetts.

2.     The defendant, Hospitality Mutual Insurance Company (hereinafter referred to as "Hospitality"), is a private and mutually owned and duly organized and existing corporation, authorized and licensed to transact the business of insurance in the Commonwealth of Massachusetts, which at all times material maintained a principal place of business at 95A Turnpike Road, Westborough, Worcester County, Massachusetts.

*B. Jurisdiction and Venue.*

3.     Jurisdiction over the subject matter of this action is conferred by General Laws, Ch. 212, § 4 and by General Laws, Ch. 93A, §§ 9 and 11.

1

4. Jurisdiction over Hospitality is conferred by General Laws, Ch. 223A, § 3, in that this action arises from the conduct of Hospitality in transacting business in, and in contracting to insure persons and property located within, the Commonwealth of Massachusetts.

5. Venue in this court is proper pursuant to General Laws, Ch. 223, §§ 1 and 8(4), in that the plaintiff resided in Hampden County and Hospitality engages in business there.

*C. Factual Circumstances.*

6. Torcia & Sons, Inc. (hereinafter referred to as "Torcia"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, which conducts its business as The Fat Cat Bar and Grill and maintains its principal place of business at 222-234 Worthington Street, Springfield, Hampden County, Massachusetts.

7. On or about September 7, 2007, Torcia owned and operated a restaurant and bar known as The Fat Cat Bar and Grill (hereinafter referred to as "the Fat Cat") at 222-234 Worthington Street, Springfield, Massachusetts, and was engaged in soliciting the patronage of the general public for the sale and purchase of food and alcoholic beverages to be consumed upon the premises.

8. At all times material, one Ronald Lindsey (hereinafter referred to as "Lindsey") was an agent, servant and employee of the Fat Cat who acted within the course and scope of his employment with the Fat Cat.

2

9. Graf commenced litigation against Lindsey and Torcia in the Hampden County Superior Court, captioned *Katie Graf v. Ronald Lindsey and Torcia & Sons, Inc. d/b/a The Fat Cat Bar and Grill,* and numbered HDCV2008-00338A, all for injuries she claimed to have sustained on September 7, 2007 while a patron at The Fat Cat (hereinafter "the Litigation").

10. At the time of the September 7, 2007 incident giving rise to the claims of Graf as set forth in the Litigation, Lindsey and Torcia were insured under a policy of liquor liability insurance issued by the successor in interest to Hospitality, the Liquor Liability Joint Underwriting Association, being policy number 060000005 (hereinafter referred to as "the Policy").

11. After a jury trial, a *Judgment on Jury Verdict* was entered in the Litigation on February 5, 2010 in favor of Graf and against Torcia and Lindsey (hereinafter "the Judgment"), all in the amount of the jury verdict of $500,000, "with interest thereon as provided by law and its (*sic.*) costs of action."

12. On March 26, 2010, an *Amended Judgment on Jury Verdict* was entered in the Litigation for Graf and against Torcia and Lindsey, all in the amount of $500,000, together with prejudgment interest in the amount of $111,124.26 (hereinafter referred to as "the Amended Judgment").

13. Upon the entry of the Amended Judgment, Hospitality informed Graf of its contention that the Policy did not provide coverage for the $111,124.26 in prejudgment interest included in the Amended Judgment.

14. Upon the entry of the Amended Judgment, Torcia and Lindsey informed Graf that, apart from the Policy, there existed no other insurance coverage available to cover their liability on the Amended Judgment for prejudgment interest.

15. On April 9, 2010, Graf obtained in the Litigation a *Writ of Attachment* of the liquor license of Torcia in connection with its operation of the Fat Cat, all in the amount of $115,000 (hereinafter referred to as "the Attachment"), and all for the reason that there was no identifiable insurance coverage available to pay the prejudgment interest of $111,124.26 included in the Amended Judgment.

16. In connection with the Attachment, the Court in the Litigation, pursuant to Mass. R. Civ. P. 4.1, found that the facts before the Court established that the liquor license attachment requested by Graf was appropriate in "that there is a reasonable likelihood that [Graf] will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by [Torcia] to be available to satisfy the Judgment." See *Finding and Order of Approval of Liquor License Attachment*, entered in the Litigation by the Court, Kinder, J., on April 9, 2010.

17. From the time of the entry of the Amended Judgment, Hospitality has disclaimed coverage for and the obligation to pay under the Policy for the prejudgment interest of $111,124.26 included in the Amended Judgment.

18. Pursuant paragraph 3 of the *Supplementary Payments* coverage provided in the Policy, Hospitality is obligated to pay, in the relevant words of the Policy "[t]he cost of bonds to release attachments, but only for bond amounts within the applicable limit of

insurance. We do not have to furnish these bonds. . . . . These payments will not reduce the limits of insurance of this policy."

19. Immediately upon the entry of the Attachment, Graf and Torcia made demand upon Hospitality that Hospitality pay the cost to obtain a bond to release the Attachment, all pursuant paragraph 3 of the *Supplementary Payments* coverage set forth in the Policy.

20. The bond requested by Graf and Torcia is and was at all times material readily available on the market and, in order to procure the bond requested, Hospitality was required simply to file an application and to post $115,000 in either cash or letter of credit collateral and to pay an annual premium of $2,300, which is 2% of the amount of the bond.

21. At all times material after the entry of the Attachment, the liquor license and the ongoing business of Torcia was impaired by the Attachment and Torcia and Lindsey were desirous of obtaining a discharge of the Attachment.

22. On or about October 27, 2010, Graf, Torcia, Lindsey and Hospitality agreed to certain settlement terms in an *Agreement of Partial Settlement and Assignment* (hereinafter "the Agreement"), which included, *inter alia*, an agreement in writing by the parties thereto that "Graf will discharge the [liquor license] Attachment, although it is the intention of the parties that nothing set forth herein shall limit or discharge or impair the rights or claims of Graf against Hospitality arising from or related to her claims for prejudgment interest of $111,124.26 included in the Amended Judgment or referenced in the [liquor license] Attachment . . ."

23. The Agreement also provided that "Lindsey and Torcia shall and hereby do transfer, assign and transmit to Graf all of their rights, claims, actions, and other interests against Hospitality, and against all of its agents, employees, representatives or contractors, relating to or arising from the Litigation, the Amended Judgment and the Policy."

## COUNT I

24. In breach of its obligations under the Policy, and in breach of the covenant of good faith and fair dealing implied in the Policy, Hospitality refused to pay the cost to obtain a bond to release the Attachment, all as required by the Policy.

25. The failure and refusal of Hospitality to pay the cost to obtain a bond to release the Attachment constitutes a breach of the obligations of Hospitality to Torcia and to Lindsey under the Policy, and a breach of the contract and Policy of insurance between Hospitality and Torcia, since coverage for the cost to obtain a bond to release the Attachment is explicitly provided for and is not excluded by the Policy.

26. Had Hospitality complied with its obligations under the Policy and paid the cost to obtain a bond to release the Attachment, the liability of Lindsey and Torcia on the Judgment would have been addressed and discharged when the Litigation was terminated and the bond was required to cover the amounts or prejudgment interest outstanding on the Judgment.

27. As a direct and proximate result of the aforementioned breach of its obligations under the Policy, and of the Attachment, Torcia has suffered and continues to suffer great financial loss and damage and other harm and legal detriment.

28. As a further direct and proximate result of the aforementioned breach of its obligations under the Policy, and of the continuing attachment of the liquor license of Torcia, Lindsey has suffered and continues to suffer great financial loss and damage and other harm and legal detriment.

29. All of the provisions of the Policy and conditions precedent and jurisdictional prerequisites to the maintenance of the claims herein have been fully complied with by Torcia, Lindsey and Graf, but Hospitality has declined and refused to make payment to or on behalf of Torcia, Lindsey and Graf as required by the Policy.

*WHEREFORE,* the plaintiff, Katie Graf, as assignee of Torcia & Sons, Inc. and Ronald Lindsey, demands judgment against the defendant, Hospitality Mutual Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate.

## COUNT II

30. Graf incorporates by reference the averments of paragraphs 1 through 29.

31. At all times material, Hospitality was, with respect to its aforementioned acts and omissions, engaged in trade or commerce within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

32. The aforementioned acts and omissions of Hospitality constitute unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

33. In addition, Hospitality has committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11 by engaging in conduct which is in violation of the minimum standards of conduct pertaining to insurance claims practices, all as established by Massachusetts General Laws, Ch. 176D, § 3, including:

   a) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   b) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and

   c) Compelling an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

34. As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Hospitality, Torcia, Lindsey and Graf have suffered harm, detriment and financial loss.

35. Hospitality has engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, §§ 2 and 11, and the refusal and failure of Hospitality to grant reasonable related relief to Torcia, upon its prior requests, were and continue to be made by Hospitality in bad faith with knowledge or reason to know that the acts and practices complained of by the plaintiff herein violate Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

36. All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by Torcia, Lindsey and Graf.

*WHEREFORE*, the plaintiff, Katie Graf, as assignee of Torcia & Sons, Inc. and Ronald Lindsey, demands judgment against the defendant, Hospitality Mutual Insurance Company, as follows:

a. for actual and compensatory damages as alleged herein;

b. for treble those actual and compensatory damages;

c. for their costs and reasonable attorneys fees incurred in bringing this action;

d. for statutory interest and costs; and

e. for such other and further monetary or equitable relief as the Court deems appropriate.

## COUNT III

37. Graf incorporates by reference the averments of paragraphs 1 through 36.

38. At all times material, Hospitality was, with respect to its aforementioned acts and omissions, engaged in trade or commerce within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 9.

39. The aforementioned acts and omissions of Hospitality constitute unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 9.

40. On June 17, 2010, Graf notified and informed Hospitality of her claims and forwarded to Hospitality, pursuant to General Laws, Ch. 93A, §§ 2 and 9, a written demand for relief, which identified Graf as the claimant and reasonably described the claims of Graf and the proximately resulting damages and losses sustained by her with respect to the Amended Judgment and the Policy and the Attachment.

41. Hospitality failed to tender a reasonable offer of settlement in response to the aforementioned written demand for relief of Graf.

42. By its aforementioned conduct, and by its conduct set forth in the aforementioned written demand for relief, Hospitality has committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 9.

43. As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Hospitality, Graf has suffered harm, detriment and financial loss.

44. Hospitality has engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, §§ 2 and 9, and the refusal and failure of Hospitality to grant reasonable related relief to Graf upon demand as set forth in the aforementioned written demand for relif, were and continue to be made by Hospitality in bad faith with knowledge or reason to know that the acts and practices complained of by the plaintiff herein violate Massachusetts General Laws, Ch. 93A, §§ 2 and 9.

45. All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by Graf.

*WHEREFORE*, the plaintiff, Katie Graf, demands judgment against the defendant, Hospitality Mutual Insurance Company, as follows:

a. for actual and compensatory damages as alleged herein;

b. for treble those actual and compensatory damages;

c. for their costs and reasonable attorneys fees incurred in bringing this action;

d. for statutory interest and costs; and

e.  for such other and further monetary or equitable relief as the Court deems appropriate.

Dated: February 21, 2013

THE PLAINTIFF,
KATIE GRAF,

By: /s/ Mark J. Albano
Mark J. Albano, Esq.
DALSEY & ALBANO
One Monarch Place, Suite 1150
Springfield, MA  01144-1150
Tel: 413-736-6971
Fax: 413-746-9224
B.B.O. No.: 013860
Email: malbano@dfalegal.com